KENNARD, J., Concurring.
A race-based peremptory challenge of a pro-
spective juror is unlawful. (Batson v. Kentucky (1986) 476 U.S. 79 [90 L.Ed.2d 69, 106 S.Ct. 1712] (Batson).) That rule was violated, defendant here asserts, when the prosecutor peremptorily challenged two Black prospective jurors. The trial court found that defendant had not made a prima facie showing that the two challenges were based on race; the prosecutor then declined the court’s invitation to state his reasons for the challenges. In upholding the trial court’s ruling, a majority of this court relies on race-neutral reasons that are apparent from the record. So do I. I perceive no inconsistency with the views expressed in my dissenting opinion in People v. Johnson (2003) 30 Cal.4th 1302 [1 Cal.Rptr.3d 1, 71 P.3d 270], as I explain below.
I
Defendant, who is Black, was charged with robbing, raping, and murdering a White college student in her apartment in Bakersfield, Kern County. At defendant’s first trial, the jury was unable to reach a verdict on those charges, as the sole Black juror, disagreeing with the other jurors, voted for an acquittal. Before retrial, defendant moved unsuccessfully for a change of venue. The supporting evidence included a poll finding that Blacks in Kern County were far less likely than Whites to believe that defendant was guilty of the charged offenses and to believe he should be executed if convicted.
On retrial, the venire contained only three Black prospective jurors (H.C., K.P.,[1] and B.M.). Defendant made a Batson motion when the prosecutor used peremptory challenges against H.C. and K.R, at a time when B.M. had not yet been called. The trial court denied the motion, ruling that defendant had not made a prima facie showing that the challenges were based on race. The prosecutor then declined the court’s invitation to give his reasons for the challenges. Later, B.M. (a correctional officer) was called; neither party challenged her and she served on the jury, which convicted defendant of murder, found that the murder occurred in the commission of rape and robbery, and returned a verdict of death.
*860 II
In Batson, supra, 476 U.S. 79, the United States Supreme Court set forth a three-stage process for a trial court’s evaluation of a claim that a peremptory challenge to a prospective juror was based on race: (1) The party objecting to the challenge must make a prima facie showing that the challenge was racially based; (2) the party that made the challenge must explain it; and (3) the trial court then decides whether the challenge was, more likely than not, racially based. Here, the second and third steps did not occur because the trial court ruled at the first stage that defendant had not made the requisite prima facie showing. Was the trial court’s ruling right or wrong? That is the issue here; its resolution calls for a rather detailed discussion of two decisions, both arising from the same case: People v. Johnson, supra, 30 Cal.4th 1302, followed by Johnson v. California (2005) 545 U.S. 162 [162 L.Ed.2d 129, 125 S.Ct. 2410].
Johnson was a Black defendant charged with murdering his White girlfriend’s infant daughter. The prosecutor exercised peremptory challenges against each of the three Black prospective jurors on the panel. The trial court denied Johnson’s Batson motion, ruling that he had failed to make a prima facie showing that the peremptory challenges were race based. A majority of this court upheld the trial court’s ruling; the majority reasoned that to make a prima facie showing that a peremptory challenge was based on “impermissible group bias” (including race), the party objecting to the challenge must show it was “more likely than not” that the challenge was based on such impermissible grounds. (People v. Johnson, supra, 30 Cal.4th at p. 1306.)
I dissented in People v. Johnson. I disagreed both with the majority’s “more likely than not” standard and with its holding that the defendant had not made a prima facie showing that the peremptory challenges had race-based reasons. I said: “The threshold for establishing a prima facie case should be relatively low, so that close cases are not decided at the first stage of the inquiry, but only after the trial judge has heard the prosecutor’s explanations . . . .” (People v. Johnson, supra, 30 Cal.4th at p. 1339 (dis. opn. of Kennard, J.).) I concluded that a prima facie case of race-based peremptory challenges arises from “those actions that, if unexplained, permit a reasonable inference of an improper purpose or motive.” (Ibid., italics omitted.)
My dissent in People v. Johnson then addressed this question, of pertinence here: In concluding that a defendant objecting to a peremptory challenge did not make the required prima facie showing, may a court (as the majority does here) consider possible race-neutral reasons for the challenge that were not stated by the prosecutor? I said: “[I]f it is apparent that the prosecutor had neutral reasons for the challenges, then the pattern of challenges would not *861 give rise to an inference of discriminatory purpose. In such cases the trial court need not find a prima facie case. [Citations.] But that mle should not apply when the trial court can only speculate on the basis for the challenges.” (People v. Johnson, supra, 30 Cal.4th at p. 1340 (dis. opn. of Kennard, J.), italics added.) With respect to two of the three challenged Black prospective jurors, “nothing in their oral or written responses . . . stands out to show they would be unacceptable” to the prosecution. (Ibid.) Because “the pattern of prosecution challenges [to each of the three Black jurors] . . . created a reasonable inference of discriminatory purpose” (ibid.), and there were no obvious “neutral explanations for the challenges” (ibid.), I concluded that the trial court erred in ruling that defendant Johnson had not made a prima facie showing that the prosecutor’s peremptory challenges were based on race (id. at p. 1341).
The United States Supreme Court granted defendant Johnson’s petition for certiorari and reversed. As I had done in my dissenting opinion in People v. Johnson, supra, 30 Cal.4th 1302, the high court in Johnson v. California rejected this court’s “more likely than not” standard to establish a prima facie showing. Rather, a prima facie showing can be made “by producing evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred.” (Johnson v. California, supra, 545 U.S. at p. 170.) On the facts of the case before it, the high court said, such an inference could be drawn because the case involved a Black defendant charged with killing his White girlfriend’s child, and the prosecutor challenged the only three Black prospective jurors on the panel. (Id. at p. 173.)
With respect to a court’s consideration, at the prima facie stage, of possible race-neutral reasons for a peremptory challenge, the high court in Johnson v. California cautioned trial courts against “engaging in needless and imperfect speculation [about the reasons for a challenge] when a direct answer can be obtained by asking a simple question.” (Johnson v. California, supra, 545 U.S. at p. 172; see id., at p. 173.) The high court expressed no view on a point I had made in my dissent in People v. Johnson, which is this: A court may find no prima facie showing of discrimination when it is “apparent that the prosecutor had neutral reasons for the challenges.” (People v. Johnson, supra, 30 Cal.4th at p. 1340, italics added.) When the record demonstrates race-neutral grounds that are obvious, rather than merely speculative, consideration of such grounds is consistent with the high court’s decision in Batson that courts “should consider all relevant circumstances” (Batson, supra, 476 U.S. at p. 96) in determining whether a reasonable inference arises that a peremptory challenge was based on race.
Unlike the responses by the three Black prospective jurors peremptorily challenged by the prosecutor in People v. Johnson, here certain responses by *862 Prospective Jurors K.P. and H.C. “stand[] out to show they would be unacceptable” to the prosecution (People v. Johnson, supra, 30 Cal.4th at p. 1340 (dis. opn. of Kennard, J.)). In that situation, my dissent in People v. Johnson said, “the pattern of challenges [does] not give rise to an inference of discriminatory purposed and] the trial court need not find a prima facie case.” (Ibid.)
Prospective Juror K.P. testified on voir dire that her brother was facing a felony charge in Kern County Juvenile Court for selling drugs. Thus, at the time of defendant’s trial here, a member of K.P.’s immediate family was being prosecuted by the same office that was prosecuting defendant. Therefore, the prosecutor here had an obvious race-neutral reason for the peremptory challenge—the ongoing adversarial relationship between a member of KJP.’s immediate family and the prosecutor’s office.
As to Prospective Juror H.C., he said “yes” to this question: “Would the fact that [defendant] is Aftican-America[n] make it more difficult for you to consider all the facts in the case objectively than if he were not a Black man?” This response indicated that defendant’s race could cause H.C. to be biased in favor of defendant and therefore against the prosecution, an obvious race-neutral reason for challenging him.
Justice Liu’s concurring opinion notes that the two challenged Black jurors “were strong supporters of the death penalty, and both gave clear answers suggesting that they would be willing and able to impose it.” (Conc. opn. of Liu, J., post, at p. 871.) But in a capital case, a prospective juror’s support for the death penalty in the abstract is not the prosecution’s only concern. Given the nature of our adversary system, the prosecution understandably prefers jurors who are more likely to vote for guilt and for the death penalty in the case being tried. Here, it is doubtful that Prospective Jurors K.P. and H.C. would be so inclined, in light of their statements. (See pp. 861-862, ante.)
I now consider another point in Justice Liu’s concurrence: When, as here, a reviewing court discerns from the record that a peremptory challenge is supported by a race-neutral reason not stated by the prosecutor, should the court also consider whether that reason “applied equally to other jurors” not challenged by the prosecutor? (Conc. opn. of Liu, J., post, at p. 875.) As Justice Liu explains, consideration of such information flows logically from the United States Supreme Court’s statement that, in determining whether a party has made a prima facie case that the opposing party has challenged a prospective juror because of race, a court should consider “all relevant circumstances.” (Batson, supra, 476 U.S. at pp. 96-97.) But in that situation, this court has noted in past decisions that it would not engage in comparative juror analysis. (See, e.g., People v. Streeter (2012) 54 Cal.4th 205, 225-226 *863 & fn.5 [142 Cal.Rptr.3d 481, 278 P.3d 754]; People v. Clark (2011) 52 Cal.4th 856, 907-908 & fn. 13 [131 Cal.Rptr.3d 225, 261 P.3d 243] ; People v. Bonilla (2007) 41 Cal.4th 313, 343, 347-350 [60 Cal.Rptr.3d 209, 160 P.3d 84].) I joined those decisions. I am now persuaded, however, that circumstances pertaining to other jurors can be relevant in this context. What comes to mind in this change of view are the oft-quoted words of United States Supreme Court Justice Felix Frankfurter: “Wisdom too often never comes, and so one ought not to reject it merely because it comes late.” (Henslee v. Union Planters Bank (1949) 335 U.S. 595, 600 [93 L.Ed. 259, 1949, 69 S.Ct. 290] (dis. opn. of Frankfurter, J.).)
Applying comparative juror analysis here, however, does not alter my view that defendant failed to establish a prima facie case of racially motivated peremptory challenges. The readily apparent race-neutral reasons for the prosecutor’s peremptory challenges of Prospective Jurors H.C. and K.P. do not apply to any other jurors not challenged by the prosecution. Unlike Prospective Juror H.C., no alternate or sitting juror said that defendant’s race would make it more difficult for the juror to look objectively at all of the facts. And unlike Prospective Juror K.P., no alternate or sitting juror had, at the time of trial, an immediate family member being prosecuted by the same office that was prosecuting defendant.
For the reasons stated above, I join the majority in rejecting defendant’s claim that the prosecutor’s peremptory challenges of two prospective jurors were based on race.

 Although K.P. described herself as being of “mixed race,” defense counsel, without disagreement from the prosecutor, described K.P. as Black in appearance.